IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DELORES McGEE, *et al.*,                          *

            Plaintiffs                          *

v.                                               *       Civil Action No. 1:17-cv-2614-TNM

ERIE INSURANCE COMPANY, *et al.*,                *

            Defendants                         *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## ANSWER TO FIRST AMENDED COMPLAINT OF
## WARD MEMORIAL AFRICAN METHODIST CHURCH

NOW COMES Defendant Ward Memorial African Methodist Church ("Ward"), by its undersigned attorneys, and for answer to the First Amended Complaint filed against it by Plaintiffs, states as follows:

### FIRST DEFENSE

Ward responds to the specifically enumerated paragraphs contained in the First Amended Complaint as follows:

1.      Ward admits that it owns 227 42nd Street N.E., Washington, DC. Ward denies the remaining allegations set forth in paragraph 1 to the extent applicable to it. Ward lacks information sufficient to respond to the remaining allegations in paragraph 1 and to avoid implied admission, denies same.

2.      Paragraph 2 contains allegations as to jurisdiction and venue to which this Defendant lacks information sufficient to respond to the allegations in paragraph 2 and to avoid implied admission, denies same.

3.      Ward denies the allegations contained in paragraph 3 which are applicable to it and lacks information sufficient to respond to the remaining allegations in paragraph 3 and to avoid implied admission, denies same.

4.      Ward lacks information sufficient to respond to the allegations contained in paragraph 4 and to avoid implied admission, denies same.

5.      Ward lacks information sufficient to respond to the allegations contained in paragraph 5 and to avoid implied admission, denies same.

6.      Ward lacks information sufficient to respond to the allegations contained in paragraph 6 and to avoid implied admission, denies same.

7.      Admitted.

8.      Ward denies the allegations contained in paragraph 8 which are applicable to it and lacks information sufficient to respond to the remaining allegations in paragraph 8 and to avoid implied admission, denies same.

9.      Admitted.

10.      Admitted.

11.      Ward admits McGee paid a $4,500.00 deposit and $4,000.00 rent payments, but the Agreement called for $4,500.00 per month rent payments.

12.      Admitted.

13.      Ward denies the allegations contained in paragraph 13 which are applicable to it and lacks information sufficient to respond to the remaining allegations in paragraph 13 and to avoid implied admission, denies same.

14. Ward denies the allegations contained in paragraph 14 which are applicable to it and lacks information sufficient to respond to the remaining allegations in paragraph 14 and to avoid implied admission, denies same.

15. Ward denies the allegations contained in paragraph 15 which are applicable to it and lacks information sufficient to respond to the remaining allegations in paragraph 15 and to avoid implied admission, denies same.

16. Denied.

17. Ward denies the allegations contained in paragraph 17 which are applicable to it and lacks information sufficient to respond to the remaining allegations in paragraph 17 and to avoid implied admission, denies same.

18. Ward lacks information sufficient to respond to the allegations contained in paragraph 18 and to avoid implied admission, denies same.

19. Ward lacks information sufficient to respond to the allegations contained in paragraph 19 and to avoid implied admission, denies same.

20. Paragraph 20 correctly quotes a portion of Section 6.1 of the Agreement. Ward denies the remaining allegations in paragraph 20.

21. Ward denies the allegations contained in paragraph 21 which are applicable to it and lacks information sufficient to respond to the remaining allegations in paragraph 21 and to avoid implied admission, denies same.

22. Ward denies the allegations contained in paragraph 22 which are applicable to it and lacks information sufficient to respond to the remaining allegations in paragraph 22 and to avoid implied admission, denies same.

23.    Paragraph 23 correctly quotes from Section 5.1 of the Agreement.  Ward denies the remaining allegations in paragraph 23.

24.    Paragraph 24 correctly quotes a portion of Section 10.3 of the Agreement.  Ward denies the remaining allegations in paragraph 24.

25.    Ward denies the allegations contained in paragraph 25 which are applicable to it and lacks information sufficient to respond to the remaining allegations in paragraph 25 and to avoid implied admission, denies same.

26.    Denied.

27.    Ward denies it was responsible for returning the security deposit and admits that paragraph 27 accurately quotes Section 12.2 of the Agreement.

28.    Ward denies the allegations contained in paragraph 28 which are applicable to it and lacks information sufficient to respond to the remaining allegations in paragraph 28 and to avoid implied admission, denies same.

29.    Ward denies the allegations contained in paragraph 29 which are applicable to it and lacks information sufficient to respond to the remaining allegations in paragraph 29 and to avoid implied admission, denies same.

30.    Ward denies the allegations contained in paragraph 30 which are applicable to it and lacks information sufficient to respond to the remaining allegations in paragraph 30 and to avoid implied admission, denies same.

31.    Ward denies the allegations contained in paragraph 31 which are applicable to it and lacks information sufficient to respond to the remaining allegations in paragraph 31 and to avoid implied admission, denies same.

32.     Ward lacks information sufficient to respond to the allegations contained in paragraph 32 and to avoid implied admission, denies same.

33.     Ward lacks information sufficient to respond to the allegations contained in paragraph 33 and to avoid implied admission, denies same.

34.     Ward lacks information sufficient to respond to the allegations contained in paragraph 34 and to avoid implied admission, denies same.

35.     Ward lacks information sufficient to respond to the allegations contained in paragraph 35 and to avoid implied admission, denies same.

36.     Ward lacks information sufficient to respond to the allegations contained in paragraph 36 and to avoid implied admission, denies same.

37.     Ward lacks information sufficient to respond to the allegations contained in paragraph 37 and to avoid implied admission, denies same.

38.     Ward lacks information sufficient to respond to the allegations contained in paragraph 38 and to avoid implied admission, denies same.

39.     Ward lacks information sufficient to respond to the allegations contained in paragraph 39 and to avoid implied admission, denies same.

40.     Ward lacks information sufficient to respond to the allegations contained in paragraph 40 and to avoid implied admission, denies same.

41.     Paragraph 41 repeats, realleges, and incorporates by reference paragraphs 1 through 40.  Ward incorporates its responses to such paragraphs herein.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Paragraph 45 repeats, realleges, and incorporates by reference paragraphs 1 through 44. Ward incorporates its responses to such paragraphs herein.

46.     Ward denies paragraph 46 as stated. The contract speaks for itself.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Ward lacks information sufficient to respond to the allegations contained in paragraph 50 and to avoid implied admission, denies same.

51.     Ward lacks information sufficient to respond to the allegations contained in paragraph 51 and to avoid implied admission, denies same.

52.     Ward lacks information sufficient to respond to the allegations contained in paragraph 52 and to avoid implied admission, denies same.

53.     Paragraph 53 repeats, realleges, and incorporates by reference paragraphs 1 through 52 of the First Amended Complaint. Ward incorporates herein its responses to such paragraphs.

54.     Ward denies the allegations contained in paragraph 54 which are applicable to it and lacks information sufficient to respond to the remaining allegations in paragraph 54 and to avoid implied admission, denies same.

55.     Denied.

56.     Denied.

57.     Denied.

58.    Ward lacks information sufficient to respond to the allegations contained in paragraph 58 and to avoid implied admission, denies same.

59.    Ward lacks information sufficient to respond to the allegations contained in paragraph 59 and to avoid implied admission, denies same.

60.    Ward denies the allegations contained in paragraph 60 which are applicable to it and lacks information sufficient to respond to the remaining allegations in paragraph 60 and to avoid implied admission, denies same.

61.    Ward denies the allegations contained in paragraph 61 which are applicable to it and lacks information sufficient to respond to the remaining allegations in paragraph 61 and to avoid implied admission, denies same.

62.    Paragraph 62 repeats, realleges, and incorporates by reference paragraphs 1 through 61. Ward incorporates herein its responses to such paragraphs.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Paragraph 68 repeats, realleges, and incorporates by reference paragraphs 1 through 67. Ward incorporates herein its responses to such paragraphs.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Paragraph 72 repeats, realleges, and incorporates by reference paragraphs 1 through 71. Ward incorporates herein its responses to such paragraphs.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

## SECOND DEFENSE

The First Amended Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiffs' claims are barred by contributory negligence.

## FOURTH DEFENSE

Plaintiffs' claims are barred by assumption of the risk.

## FIFTH DEFENSE

Plaintiffs' claims are barred by laches.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

### NINTH DEFENSE

Plaintiffs' claims are barred by the doctrine of total or partial immunity.

### TENTH DEFENSE

Plaintiffs' claims are barred or limited to Plaintiffs' failure to mitigate damages.

### ELEVENTH DEFENSE

Plaintiffs' sixth claim for relief is barred by failure to exhaust administrative remedies.

### TWELFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of consent, ratification, and abandonment.

### THIRTEENTH DEFENSE

Ward is entitled to a setoff of at least $75,000.00 for those costs and expenses incurred by Ward that should be paid by McGee under the Agreement at issue and the damages to the property caused by McGee.  Ward adopts and incorporates such damages and expenses as set forth in Ward's Counterclaim against McGee.

### FOURTEENTH DEFENSE

Ward adopts and incorporates any defense filed by any other Defendant to this action which is equally applicable to Ward.

### FIFTEENTH DEFENSE

Ward reserves the right to assert such additional affirmative defenses as may be appropriate based upon discovery and further investigation.

WHEREFORE, having fully answered the First Amended Complaint, this Defendant respectfully requests that this Honorable Court dismiss the First Amended Complaint.

Respectfully submitted,


 /s/ Stephen S. McCloskey
Stephen S. McCloskey, # 465786
Semmes, Bowen & Semmes
25 South Charles Street, Suite 1400
Baltimore, Maryland 21201
410-539-5040
Fax: 410-539-5223
smccloskey@semmes.com
*Attorneys for Defendant,*
*Ward Memorial African Methodist Church*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of March, 2018, a copy of the foregoing

Answer to First Amended Complaint was filed electronically with the Court, and served

electronically and/or by first-class mail or e-mail on:

Dean Gregory, Esquire
Law Offices of Dean Gregory
1717 K Street, NW, Suite 900
Washington, D.C. 20006
*Attorneys for Plaintiffs*

George E. Reede, Jr., Esquire
Jessica E. Pak, Esquire
Niles, Barton & Wilmer
111 South Calvert Street, Suite 1400
Baltimore, Maryland 21202
*Attorneys for Erie Insurance Company*


 /s/ Stephen S. McCloskey
Stephen S. McCloskey, # 465786

B1983302.WPD

- 10 -