IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DELORES McGEE, *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 1:17-cv-2614-TNM |
| ERIE INSURANCE COMPANY, *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT WARD MEMORIAL AFRICAN METHODIST CHURCH'S
FIRST MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR HEARING**

Defendant Ward Memorial African Methodist Church ("Ward"), by its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 56 hereby submits its First Motion for Summary Judgment, and in support thereof states as follows:

1. This lawsuit arises out of Plaintiff's various claims relating to an alleged sewer line break at 227 42nd Street NE, Washington, D.C. 20019 (the "Premises"), which Plaintiff had leased from Ward under a commercial Lease Agreement (the "Lease").

2. Specifically, Plaintiff alleges that Ward breached the Lease by failing to repair or maintain the sewer line, which caused her educational institution's license to be revoked and allegedly caused her to suffer lost business profits. Further, Plaintiff alleges that Ward's conduct breached the implied covenant of good faith and fair dealing, and that the parties' agreement to include waiver provisions in the Lease somehow also is a breach of the implied covenant. Finally, Plaintiff alleges that Ward wrongfully withheld her security deposit and failed to give her a pro-rated refund of one month's rent.

3. Plaintiff has sued Ward for: (1) a declaratory judgment; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) gross negligence; (5) conversion; and (6) violations of the District of Columbia Municipal Regulations ("D.C.M.R.") pertaining to the return of security deposits.

4. Ward is entitled to summary judgment. The Lease contained a full waiver of claims between the parties pertaining to the Lease. Accordingly, all of Plaintiff's claims (apart from her gross negligence claim) are barred by the waiver provision.

5. Moreover, to the extent that Plaintiff seeks exorbitant and illogically-calculated lost profits, her claims are barred by an entirely separate provision in the Lease waiving claims for lost profits and consequential damages.

6. Plaintiff's gross negligence claim fails because it is merely duplicative of her breach of contract claim, and it is further barred by the economic loss doctrine.

7. In addition to being barred by the waiver, Plaintiff's breach of the implied covenant claim is partially barred by the statute of limitations and partially barred based upon the plain language of the Lease, which required Plaintiff to maintain the interior of the Premises.

8. Finally, again in addition to being barred by the waiver, Plaintiff's D.C.M.R. claim is barred because the regulations at issue pertain only to residential leases, not a commercial lease like the Lease at issue in this case.

9. Ward incorporates by reference the attached Memorandum in Support.

10. There is no genuine dispute of material fact.

WHEREFORE, for the foregoing reasons, Defendant Ward Memorial African Methodist Church respectfully requests that its First Motion for Summary Judgment be GRANTED.

Respectfully submitted,

 /s/ *Stephen S. McCloskey*
Stephen S. McCloskey, # 465786
Semmes, Bowen & Semmes
25 South Charles Street, Suite 1400
Baltimore, Maryland 21201
410-539-5040
Fax: 410-539-5223
smccloskey@semmes.com

*Attorneys for Defendant,*
*Ward Memorial African Methodist Church*

## REQUEST FOR HEARING

Defendant Ward Memorial African Methodist Church respectfully requests that this Court hold a hearing on the matters raised in its First Motion for Summary Judgment.

 /s/ *Stephen S. McCloskey*
Stephen S. McCloskey, # 465786

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April, 2018, copies of the foregoing Motion for Summary Judgment, Memorandum in Support, Statement of Material Facts Not in Genuine Dispute, and Proposed Order were filed electronically with the Court, and served electronically and/or by first-class mail or e-mail on:

Dean Gregory, Esquire
Law Offices of Dean Gregory
1717 K Street, NW, Suite 900
Washington, D.C. 20006
*Attorneys for Plaintiffs*

George E. Reede, Jr., Esquire
Jessica E. Pak, Esquire
Niles, Barton & Wilmer
111 South Calvert Street, Suite 1400
Baltimore, Maryland 21202
*Attorneys for Erie Insurance Company*

                                           */s/ Stephen S. McCloskey*
                                           Stephen S. McCloskey, # 465786

B2013683.DOCX